EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ANTOLÍN SANTINI, ANASTACIO SANTIAGO y FÉLIX MARTÍNEZ, acusados y apelantes.

No. 5278.—*Sometido:* Mayo 8, 1934. *Resuelto:* Mayo 24, 1934.

*Felipe Colón Díaz,* abogado de los apelantes; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Antolín Santini, Anastacio Santiago y Félix Martínez fueron declarados culpables por la Corte de Distrito de Ponce de un delito de tentativa de hurto de menor cuantía y condenados a pagar cada uno una multa de $5, y en defecto de pago a sufrir un día de cárcel por cada dólar que dejasen de satisfacer.

Se alega en la acusación que estos individuos, voluntaria y maliciosamente, y con intención criminal, sustrajeron cuatro paquetes de leña de la propiedad de don José Larrauri, valorados en la suma de $0.80, con el propósito de lucrarse, privando a su dueño de dicha leña, que dejaron al ser sorprendidos.

El único error atribuído a la corte inferior se basa en que declaró culpables a los acusados de un delito de tentativa de hurto de menor cuantía que no existe en nuestro Código Penal ni en ninguna otra ley de Puerto Rico. Esta es la única cuestión planteada por los acusados: la inexistencia del delito por el cual han sido sentenciados.

El artículo 50 de nuestro Código Penal dice así:

"A todo el que intentare cometer un delito, sin lograr realizarlo, o fuere impedido o interceptado en la perpetración del mismo, y la ley no hubiere señalado la pena correspondiente a tal tentativa, se le castigará en la forma expresada a continuación:

"1. Si el delito frustrado aparejare pena de presidio por cinco años o más, o de cárcel, se impondrá al culpable de intentarlo, pena de reclusión en presidio o cárcel, según fuere el caso, por un término que no excederá de la mitad del máximo de prisión impuesta al convicto del delito así intentado.

"2. Si el delito frustrado aparejare pena de presidio por un término menor de cinco años, el culpable de intentarlo será castigado con pena de cárcel por un término máximo de un año.

"3. Si el delito frustrado aparejare multa, la persona convicta de intentarlo será castigada con una multa que no excederá de la mitad de la máxima impuesta al convicto del delito así intentado.

"4. Si el delito frustrado aparejare prisión y multa, al convicto de intentarlo podrá imponérsele una y otra pena, no excediéndose de la mitad del término máximo de la prisión y la mitad de la multa máxima impuesta al convicto de dicho delito así intentado.

"Los delitos frustrados comprendidos en los artículos 217, 218, 222 y 224 no están comprendidos en este artículo."

Alega el fiscal que el delito de hurto menor, que apareja prisión o multa, o ambas penas, no está comprendido en el artículo anteriormente transcrito; pero que la omisión queda subsanada aplicando los artículos 17 y 16 del mismo Código Penal. Entiende el fiscal que el inciso cuarto de dicho artículo se refiere únicamente a los delitos que se castigan con prisión y multa y no a los que se pueden castigar con multa o prisión. En nuestro sentir el inciso referido cubre la tentativa de hurto menor, la cual puede ser castigada con la pena que en el mismo se determina. El primer inciso de dicho artículo se refiere al delito frustrado que se castiga con pena de presidio o cárcel por más de cinco años; el inciso segundo al que se castiga con menos de cinco años; el tercero al que se castiga con multa solamente y el cuarto al delito frustrado que se castiga con prisión y multa. El texto inglés de este último inciso dice así:

"If the offense so attempted is punishable by imprisonment and by a fine, the offender convicted of such attempt may be punished by imprisonment and a fine not to exceed one-half the maximum imprisonment and fine which may be imposed upon a conviction for the offense so attempted."

El artículo 431 del Código Penal dispone que el hurto de menor cuantía se castiga con multa máxima de $500 o cárcel por un término máximo de un año, o ambas penas a discreción del tribunal. Claramente se ve que la corte, aunque tiene la facultad de imponer multa o prisión, puede también imponer una cosa y otra, siendo por lo tanto el delito "*punishable by imprisonment and by a fine*", aunque la imposición de una y otra pena dependa de la discreción del tribunal.

Por estas razones entendemos que la tentativa de hurto de menor cuantía es un delito comprendido dentro de las disposiciones del inciso cuarto del artículo 50 del Código Penal, donde se determina la pena que puede imponerse por la comisión de dicho delito.

*Debe confirmarse la sentencia apelada.*